IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60638
(Summary Calendar)
_____

SARAH JEANETT BYRD, Individually and as
Administratrix of the Estate of SHELBY BYRD,
Deceased,

Plaintiff-Appellant,

versus

PIONEER LIFE, ETC.; ET AL.,

Defendants,

R. SCOTT WALDROP,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:99-CV-362-LN)
--------------------
May 4, 2000

Before POLITZ, WIENER, and BENAVIDES, CIRCUIT JUDGES.

PER CURIAM:[*]

This interlocutory appeal is before us pursuant to Federal
Rule of Appellate Procedure 54(b), as certified by the district
court, at the behest of Plaintiff-Appellant Sarah Jeanett Byrd who
asks us to reverse the judgment of that court dismissing Defendant-
Appellee R. Scott Waldrop pursuant to Federal Rule of Civil
Procedure 12(b)(6) for Byrd's failure to state a claim against

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Waldrop on which relief could be granted. The Court's dismissal was based on the contention of Waldrop and Defendant Pioneer Life Insurance Company ("Pioneer") that Byrd had fraudulently joined Waldrop in the case originally filed in state court solely to defeat diversity jurisdiction, the same contention on which the case had been removed to federal court.

We granted Byrd's request for expedited appeal, which we have now conducted on the basis of appellate briefs of the parties and the entire record on appeal. Having reviewed that documentation, particularly Byrd's complaint, on the basis of which the district court dismissed Waldrop under Rule 12(b)(6), and having carefully considered the applicable law and the arguments of counsel advanced in their respective briefs, we are satisfied that the ruling of the district court was correct. For essentially the same reasons stated by the district court in its Memorandum Opinion and Order filed August 11, 1999, we affirm the dismissal of Waldrop as a defendant in the instant case as well as the district court's determination that removal from the state court in which the case was filed was proper, and that following the dismissal of Waldrop, the court has jurisdiction to hear the remainder of the case based on diversity of citizenship.

AFFIRMED.